J. S03007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
            v.           :
:
IRVIN GOULBOURNE,        :       No. 644 EDA 2015
:
           Appellant   :

Appeal from the Judgment of Sentence, January 28, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001843-2013

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 15, 2016**

Irvin Goulbourne appeals from the judgment of sentence entered January 28, 2015, following his conviction in a waiver trial of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of paraphernalia.[1]  We affirm.

The suppression court provided the following:

> On August 3, 2012, approximately 3:48 p.m., Police Officer Shaun McPhillips testified that while on duty with his partner, Officer Wissman, their tour of duty took them to the area of the 1900 block of Sansom Street in response to a radio flash about a male who had committed a burglary earlier in the day.  The flash the officers had received was a black male with an orange shirt and orange sneakers and also put over the radio was that two firearms were taken.  Approximately one hour and forty minutes after the flash came out for the burglary, Officer

---

[1] 35 Pa.C.S.A. § 780-113(a)(16), (30) & (32), respectively.

McPhillips testified that they observed the Appellant walking westbound on Sansom Street wearing an orange shirt, khaki shorts, and orange sneakers. The officers then observed the Appellant enter a bar, O'Shea's Tavern, at 1907 Sansom Street. The officers went into the bar and approached the Appellant and identified themselves as police officers. They then asked the Appellant to exit the bar and the Appellant complied. Once outside the bar, the officers told Appellant that he had been stopped for meeting a description of a prior burglary and they asked the Appellant for his identification. Appellant claimed he did not have any identification so the officers then asked for his name and date of birth for an NCIC/PCIC check. Appellant provided the name of Reginald Goldberg but no results came back for that name.

Officer McPhillips testified that at that point based on the fact that Defendant provided a name that was not coming up on the system that he met the general flash of the burglary, the officers decided to bring the Appellant to the 9th District for further investigation. Officer McPhillips testified that it was his intent to get fingerprints of the Appellant to verify his identity and determine if he had any outstanding warrants. For safety purposes, Officer McPhillips patted Appellant down before placing him in the marked patrol vehicle. When Officer McPhillips conducted the pat down, he felt a plastic bag of "soft powder" that was knotted, which Officer McPhillips testified he knew based on his experience to immediately be narcotics. Upon arrest, the officers recovered one clear bag with alleged cocaine, one Marlboro cigarette box with thirty four clear bags of alleged cocaine, one green mint tin canister containing ten clear bags of alleged cocaine, and one brown marijuana grinder, as well as $1,010.00 in currency.

Trial court opinion, 6/4/15 at 2-3 (citations omitted).

Appellant raises the following issues for our review:

    A.     Did not the lower court err in denying Appellant's motion to suppress evidence where Appellant was subjected to an unconstitutional investigatory detention outside the bar without reasonable suspicion, the detention was continued without either reasonable suspicion or probable cause to believe that Appellant had committed the crime of giving a false name, and he was frisked without objectively reasonable suspicion that he was armed and dangerous[?]

    B.     Even if there was a lawful basis to conduct a *Terry* frisk, did not the lower court err in denying Appellant's motion to suppress evidence where there was insufficient evidence under the plain feel rule to permit the officer to seize a small soft bag from Appellant's pants pocket?

    C.     Did not the lower court err in denying Appellant's motion to suppress evidence where law enforcement officers' actions in taking Appellant into the police station for fingerprinting and identification check was a full blown arrest, which was not supported by probable cause, and the resulting search and seizure from his person was not incident to a lawful arrest?

Appellant's brief at 3.

Our standard of review for challenges to the denial of a suppression motion is as follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of

> the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783-784 (Pa.Super. 2012), quoting *Commonwealth v. Hoppert*, 39 A.3d 358, 361-362 (Pa.Super. 2012) (citations omitted).

Here, appellant complains that the suppression court erred in denying appellant's suppression motion because the investigatory detention and subsequent frisk were not supported by reasonable suspicion, there was an insufficient basis under the plain feel rule for the officer to seize a plastic bag containing narcotics from appellant's person, and the police lacked probable cause to take appellant to the police station for fingerprinting and an identification check. These issues constitute purely factual issues on appeal. As noted in *McAdoo*, *supra*, this court is bound by the suppression court's factual findings so long as the record supports those findings.

Our careful review of the record reveals that Officer McPhillips' testimony, found credible by the suppression court, provides ample support for the suppression court's factual determinations. Specifically, appellant's

clothing and proximity to the burglary location justified the officer's encounter in the bar. This coupled with appellant's failure to provide identification outside of the bar supported the reasonable suspicion necessary for further investigation and detention. The information regarding the theft of guns in the robbery justified the **Terry** frisk, and the experience of Officer McPhillips allowed him to immediately identify contraband on plain feel. Following the discovery of the contraband, nothing further was required to support arresting appellant, and he was properly taken into custody for identification and fingerprinting. We are bound to those determinations, and, therefore, find that the suppression court did not err in denying appellant's motion to suppress evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016